UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DASHONE MARCEL REYNOLDS | CIVIL ACTION |
| VERSUS | NO. 22-1234 |
| DETECTIVE NICHOLAS DAVIS | SECTION "R" (2) |

## REPORT AND RECOMMENDATION

Petitioner Dashone Marcel Reynolds filed this petition for pretrial habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] On May 22, 2023, the matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.[2]

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Reynolds was a pretrial detainee housed in the Orleans Justice Center when he filed this § 2241 petition.[3] Reynolds was indicted by an Orleans Parish grand jury in Orleans Parish Criminal Case No. 552-170 with one count each of second-degree murder, attempted second-degree murder, illegal possession of a firearm by a convicted felon, and obstruction of justice.[4] Although Reynolds filed this § 2241 petition while state criminal charges were pending, that case went to trial before the state trial judge without a jury and with Reynolds representing himself at trial.[5]

---

[1] ECF No. 1.
[2] ECF No. 12.
[3] ECF No. 1, ¶4, at 1.
[4] *State v. Reynolds*, __ So. 3d __, 2023 WL 4013322, at *1 (La. App. 4th Cir. Jun. 15, 2023).
[5] *Id*.

Reynolds has challenged his arrest and pretrial proceedings for these charges in numerous other § 2241 petitions, one of which was dismissed on the court's decision to abstain from considering Reynolds' pretrial claims.[6]

### A.      Prior § 2241 Petition

In his previous § 2241 petition for federal habeas relief, Civil Action No. 22-200"R"(2) referenced in the State's answers (ECF Nos. 8, 9), Reynolds asserted the following arguments:

(1) he was arrested after an unconstitutional search and seizure;
(2) he was unable to exercise his right to a fair and speedy trial;
(3) he was found mentally incompetent solely to take away the few constitutional rights he had;
(4) he was unlawfully arrested despite the lack of evidence against him;
(5) the eyewitness/victim did not choose him from the photographic lineup;
(6) the license plate on the car was not in his name; and
(7) the detective testified at the preliminary hearing that Reynolds could not be seen in the video of the crime.[7]

The State's answer challenged Reynolds' petition on grounds of failure to exhaust, abstention, and lack of merit.[8] The State also provided a two-volume copy of the state court record for Orleans Parish Criminal Case No. 552-170.[9] That record included copies of Reynolds' arrest warrant number C-32687-21, other pleadings from Orleans Parish criminal magistrate case number 591-013, and the proceedings in Louisiana Supreme Court Writ No. 2021-KH-1706 in which Reynolds challenged his arrest and the state court's probable cause finding.

---

[6] *See Reynolds v. Orleans Crim. Dist. Ct.*, No. 22-200, 2022 WL 2789402, at *1 (E.D. La. Jul. 25, 2022) (Reynolds' prior § 2241 asserting challenges to the constitutionality of his arrest, the search and seizure, speedy trial violations, and sufficiency of the evidence at the preliminary hearing), *appeal dismissed*, No. 22-30473, 2022 WL 18511531, at *1 (5th Cir. Oct. 24, 2022). The other § 2241 cases include Civ. Action Nos. 22-247, 22-533, 22-562, 22-606, 22-901, 22-946, 22-1023, 22-1328, and 22-1580 also before Section "R" (2) of this court.
[7] Civ. Action No. 22-200"R"(2), ECF No. 3, ¶13, at 6; *id*., ECF No. 3-1, at 1-2.
[8] *Id*., ECF No. 16.
[9] *See id*. at 1-2 (describing the state court record). The state court record is still retained by the clerk of court.

2

On July 15, 2022, this court dismissed the petition and abstained from the exercise of jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971).[10] Reynolds separately appealed the Order and the Judgment later entered September 13, 2022.[11] The United States Fifth Circuit dismissed both appeals for want of jurisdiction.[12]

### B. Current § 2241 Federal Petition

In his petition filed April 28, 2022,[13] Reynolds asserts that he was unlawfully arrested because the eyewitness did not choose him as the perpetrator, and he was arrested two hours before the arrest warrant was issued.[14] As relief, he seeks his release and dismissal of the charges.[15]

In response to the court's briefing order issued prior to referral,[16] the State filed two answers to the petition on May 24, 2022. The first answer was similar to an answer filed by the State in another of Reynolds' habeas proceedings, Civ. Action 22-1023 "R" (2), in which Reynolds challenged the grant of a motion for extension of time in Civ. Action 22-200 "R" (2).[17] The answer did, however, have as attachments relevant documents related to Reynolds' arrest.[18] The second answer asserted that Reynolds has not exhausted state court review of his pretrial claims, this court

---

[10] *Reynolds*, 2022 WL 2789402, at *2-3.
[11] Civ. Action No. 22-200 "R" (2), ECF No. 28, 33 (Notices of Appeal); *see also id.*, ECF No. 31 (Judgment).
[12] *Id.*, ECF Nos. 34, 35.
[13] For a *pro se* prisoner, the "mailbox rule" provides that the filing day is considered to be the date when prison officials receive the pleading from the prisoner for delivery to the court. *Stevenson v. Anderson*, 139 F. App'x 603, 604 (5th Cir. 2005); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (applying the mailbox rule to federal habeas petitions under § 2254). In the absence of contrary evidence, federal courts generally presume that the inmate's signature date on the complaint is the date he gave it to prison officials for mailing to the courts. *Accord Toomer v. Cain*, No. 09-7446, 2010 WL 4723365, at *1 n.3 (E.D. La. Jul. 30, 2010) ("Generally, a court will look to the date a prisoner signed his pleading as the earliest date the pleading could have been provided to prison officials for mailing."). Reynolds signed his petition on April 8, 2022, which is the earliest date in the record on which he could have presented to prison officials for mailing to the court.
[14] ECF No. 1, ¶13, at 7 (Ground One, Ground Two).
[15] *Id.*, ¶15, at 8.
[16] ECF No. 4.
[17] ECF No. 8.
[18] ECF No. 8-1.

should abstain from interfering in the ongoing state criminal proceedings, and alternatively, there is no merit to his claim of denial of a fair and speedy trial or that he was unlawfully arrested.[19]

## II. SUBJECT MATTER JURISDICTION UNDER § 2241

A state *pretrial* detainee is entitled, in some circumstances, to raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241.[20] A petition brought under § 2241 may be granted if the inmate "is in custody in violation of the Constitution or laws . . . of the United States."[21] A state detainee's pre-trial petition for writ of habeas corpus is properly brought under 28 U.S.C. § 2241.[22] The petitioner must be in custody for the state criminal matter under attack at the time the petition is filed.[23] A pretrial petitioner who has not yet been tried for the offense in question thus has a right, albeit limited, to invoke federal habeas relief under § 2241.[24] The scope of the limited review turns on the type of relief sought.[25]

A petitioner is generally not permitted to disrupt "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" absent "special circumstances."[26] However, "an attempt to force the state to go to trial" may proceed following exhaustion of state remedies.[27]

---

[19] ECF No. 9.
[20] *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (recognizing that state pretrial detainees may bring pretrial challenges under 28 U.S.C. § 2241).
[21] 28 U.S.C. § 2241(c)(3).
[22] *See Chadman v. Fowler*, No. 17-703, 2018 WL 4051868, at *2 (N.D. Tex. Aug. 24, 2018); *Dickerson*, 816 F.2d at 224.
[23] *Lackawanna Cnty. Dist. Atty. v. Coss*, 532 U.S. 394, 400-01 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).
[24] *Braden v. 30th Jud. Dist. Ct.*, 410 U.S. 484, 488-89 (1973).
[25] *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).
[26] *Braden*, 410 U.S. at 489, 493.
[27] *Brown*, 530 F.2d at 1282-83.

### III.   DISCUSSION

#### A.   Custodian not Named

As an initial matter, Reynolds has identified Detective Nickolas Davis, an affiant on the affidavit for his arrest warrant,[28] as the respondent in this case. However, the proper respondent in a habeas corpus proceeding is the person having custody over the petitioner.[29] "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'"[30] The proper respondent to have been named by Reynolds is not the arresting officer, but his immediate custodian at the Orleans Justice Center, where he was housed when this civil action was filed.[31] Reynolds, therefore, has not named his custodian as a respondent in this proceeding to bestow the court with jurisdiction to grant relief under § 2241 if it were so inclined.

#### B.   Mootness

Although Reynolds filed this § 2241 petition while state criminal charges were pending, the case went to trial before the state trial judge without a jury and with Reynolds representing himself at trial.[32] The state court found Reynolds guilty of the responsive verdict of manslaughter and obstruction of justice and also found him not guilty of the other charges.[33] The state trial court sentenced Reynolds to serve concurrent prison terms of 30 years for manslaughter and 20 years for obstruction of justice.[34] The Louisiana Fourth Circuit Court of Appeal affirmed Reynolds'

---

[28] ECF No. 8-1, at 1.
[29] 28 U.S.C. §§ 2242 (the petition "shall allege . . . the name of the person who has custody over him . . ."); 28 U.S.C. § 2243 (equating "the respondent" with "the person having custody of the person detained.")
[30] *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242).
[31] *Id*. at 439-40; *Mounce v. Knighten*, 503 F.2d 967, 969 (5th Cir. 1974).
[32] *Reynolds*, 2023 WL 4013322, at *1.
[33] *Id*.
[34] *Id*.

convictions on June 15, 2023.[35] The court, however, vacated the sentences because they were imposed before the running of statutory sentencing delays, and it remanded the matter for resentencing.[36]

Reynolds' conviction means he is no longer a pretrial detainee eligible to seek federal habeas corpus relief under § 2241. Once a defendant has been found guilty at trial, "[the] verdict of guilty beyond a reasonable doubt demonstrates *a fortiori* that there was probable cause to charge the defendant[s] with the offenses for which they were convicted."[37] Thus, the pretrial issues raised and relief sought in Reynolds' § 2241 habeas petition (*i.e.*, unlawful arrest and request for release and dismissal of charges[38]) are moot and need not be resolved in this federal § 2241 proceeding.[39]

### C. <u>Recharacterization of the Claims and Failure to Exhaust</u>

When a petitioner's pretrial claims can be construed as an attack on the validity of a later obtained conviction, a pretrial § 2241 petition may be recharacterized as a petition under 28 U.S.C. § 2254 once the petitioner is convicted in state court.[40] Recharacterization, however, is unnecessary under the circumstances in Reynolds' case for several reasons. Reynolds' claims of

---

[35] *Id.*
[36] *Id.* at *3.
[37] *United States v. Mechanik*, 475 U.S. 66, 67 (1986).
[38] *Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993); *Fassler*, 858 F.2d at 1018 n.3.
[39] *See Wade v. Anderson*, No. 09-684, 2010 WL 930991, at *1 (N.D. Tex. Mar. 15, 2010) (dismissing with prejudice as moot pretrial detainee's § 2241 petition after his conviction); *see also Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (recognizing that habeas petitions challenging legality of pretrial detention were rendered moot by conviction); *Thorne v. Warden, Brooklyn House of Det. for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented").
[40] *Hartfield v. Osborne*, 808 F.3d 1066, 1071-74 (5th Cir. 2015) ("We hold that the plain language of § 2254 includes [petitioner's] current petition for a writ. Because [petitioner] is currently in custody pursuant to a state court judgment, any habeas writ that issues from a federal court at the present time would necessarily release him from custody pursuant to a state court judgment.").

denial of unlawful arrest are not direct challenges to the conviction and judgment under which he is now in custody.

Reynolds' state court conviction also is not final for purposes of initiating federal review under § 2254. As noted above, through his direct appeal, the Louisiana Fourth Circuit vacated Reynolds' sentence and remanded the matter to the state trial court for resentencing on June 15, 2023. Both a petitioner's conviction and sentence must be final for application of § 2254, and that finality occurs at "the conclusion of direct review or the expiration of the time for seeking such review" under state law.[41] Generally, a Louisiana defendant's conviction is final thirty days after the appellate court renders its direct appeal opinion, unless the defendant timely files a writ application in the Louisiana Supreme Court for review of the appellate court's ruling.[42] If the defendant seeks supervisory review, his conviction is final 90 days after the Louisiana Supreme Court's ruling if he does not file for review with the United States Supreme Court.[43] If he seeks review in the Supreme Court, his conviction is final when the Supreme Court denies certiorari.[44] Reynolds has not attained finality of his conviction or any new sentence imposed after remand. Therefore, it would be premature for this Court to recharacterize the claims in his petition and consider them under § 2254.

---

[41] *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (discussing finality of a state court conviction and sentence for purposes of applying the AEDPA's limitations provisions).

[42] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)); La. Code Crim. P. art. 922 (addressing finality of appeal judgment); La. Sup. Ct. Rule X§ 5 (time for seeking review in Louisiana Supreme Court).

[43] *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. Sup. Ct. Rule 13(1).

[44] *See Geisberg v. Cockrell*, 288 F.3d 268 (5th Cir. 2002) (for purposes of the AEDPA, a state conviction becomes final when a petition for certiorari is denied by the United States Supreme Court); *Crutcher v. Cockrell*, 301 F.3d 656, 657 (5th Cir. 2002) (same); *Hoffman v. Louisiana*, 768 So. 2d 592, 592 (La. 2000) (conviction not final until application for writ of certiorari to U.S. Supreme Court is denied).

Furthermore, state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary review procedures.[45] Reynolds has not exhausted available state court remedies with respect to his denial of a fair and speedy trial claims. "A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."[46] The exhaustion requirement is satisfied when the substance of the federal habeas claims has been "fairly presented to the highest state court" in a procedurally proper manner.[47] "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[48]

Reynolds filed several Louisiana Supreme Court writs prior to his trial. According to the records in Civil Action No. 22-200"R"(2), Reynolds challenged the sufficiency of evidence to support his allegedly unlawful arrest and asserted speedy trial challenges in his pretrial Louisiana Supreme Court Writ No. 2021-KH-1706. However, the Louisiana Supreme Court did not consider that application, or any of Reynolds' pretrial writ applications, because of Reynolds' procedural failure to first seek review in the lower courts.[49] On direct appeal, Reynolds also did not challenge the lawfulness of his arrest. Instead, he asserted two claims challenging the timing of his

---

[45] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Walker*, 533 U.S. 167, 177-79 (2001).
[46] *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Nobles v. Johnson*, 127 F.3d 409, 419 (5th Cir. 1997).
[47] *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).
[48] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation marks omitted); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).
[49] *See State v. Reynolds*, 331 So. 3d 928 (La. Jan. 26, 2022) (Writ No. 2021-KH-1706); *State v. Reynolds*, 342 So. 3d 558 (La. Jul. 22, 2022) (Writ No. 2022-KH-0694), *recon. denied*, 351 So. 3d 700 (La. Dec. 20, 2022); *State v. Reynolds*, 352 So. 3d 558 (La. Jan. 11, 2023) (Writ No. 2022-KH-1652).

sentencing by the state trial court.[50]  In addition, as mentioned previously, he also has not completed review of his direct appeal or resentencing in the Louisiana Supreme Court.[51]

For these reasons, any recharacterization of his petition would be fruitless at this time, as this court would be compelled to dismiss the claims in the interest of comity for failure to exhaust state court review.[52]

**D.  Summary**

Reynolds has not named his custodian as the proper respondent in a federal habeas corpus proceeding.  He also is no longer a pretrial detainee, and his conviction in Orleans Parish Criminal Case No. 552-170 has rendered moot his § 2241 petition for pretrial habeas relief.  In addition, Reynolds' state court conviction is not yet final as necessary to trigger federal review under § 2254.  Further, Reynolds has not exhausted available state court review of his claims in a procedurally proper manner through the Louisiana Supreme Court, which must be done before seeking federal review under §2254.  For these reasons, as more fully set forth herein, Reynolds' case is not primed for federal habeas corpus review under § 2254.  Thus, recharacterization of this § 2241 petition is not warranted.

Accordingly, for the reasons above, Reynolds' § 2241 petition should be dismissed as moot.

---

[50] *Reynolds*, 2023 WL 4013322, at *1.

[51] Reynolds also has not yet pursued post-conviction review (since his conviction is not final under state law) during which he also could seek state court review of his constitutional claims.  This process requires initial presentation of appropriate claims on the appropriate form in the state trial court.  LA. CODE CRIM. PROC. art. 925 *et seq*.  Review of the trial court's ruling may then be sought in the appellate court and the Louisiana Supreme Court by application for a writ of review.  LA. CODE CRIM. PROC. art. 930.6; LA. SUP. CT. RULE X § 5; LA. APP. RULE 4–1 *et seq*.

[52] *Rose*, 455 U.S. at 518; *see Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) ("And we held in [*Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)] that the principles of comity and federalism that underlie our longstanding exhaustion doctrine - then as now codified in the federal habeas statute, see 28 U.S.C. §§ 2254(b), (c) - require that [a] constitutional claim [. . .] be first raised in state court").

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Dashone Marcel Reynolds' petition for habeas corpus relief considered under 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[53]

New Orleans, Louisiana, this 15th day of August, 2023.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[53] *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.